IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS SOLIS ARREOLA,

    Petitioner,                   No. 2:11-cv-1974 DAD P

    vs.

BOARD OF PRISON HEARINGS,

    Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleged that the California Board of Parole Hearings (hereinafter "Board") violated his constitutional rights when it found him unsuitable for release on parole in 2009 because its decision was not based on "some evidence" as required under California law. On March 6, 2012, the petition was dismissed for failing to state a cognizable claim for federal habeas relief.[1] (See Dkt. No. 8.) Presently before the court is petitioner's March 22, 2012 motion for an extension of time to file a response to the court's March 6, 2012 order as well as petitioner's April 4, 2012 motion for reconsideration of the

/////

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), petitioner has consented to the jurisdiction of a United States Magistrate Judge. (See Dkt. No. 6.)

1

March 6, 2012 order.[1]  For the following reasons, petitioner's motion for an extension of time to file a response to the court's March 6, 2012 order is construed as a motion for an extension of time to file a notice of appeal and will be granted.  Petitioner's motion for reconsideration will be construed as a successive habeas petition and dismissed without prejudice.

## I.  BACKGROUND

Petitioner filed this federal habeas action in July 2011.  Therein he asserted that his constitutional rights were violated when the Board denied him parole in 2009 because its decision was not based on "some evidence."  On March 6, 2012, this court screened the habeas petition and dismissed it after determining that it plainly appeared from the face of the petition that the petitioner was not entitled to federal habeas relief.  The court noted that petitioner failed to state a cognizable due process claim because the petition did not allege that petitioner was "unrepresented by counsel at his 2009 parole suitability hearing, that he was not given the opportunity to be heard, or that he did not receive a statement of the reasons why parole was denied by the Board panel." (Dkt. No. 8 at p. 5.)

Petitioner then filed a motion for an extension of time to respond to the March 6, 2012 order.  Thereafter, on April 4, 2012, petitioner filed a motion for reconsideration of the March 6, 2012 order.

## II.  DISCUSSION

### A.  Motion for Extension of Time

Petitioner filed a motion for an extension of time to file a response to the March 6, 2012 order on March 22, 2012, which was within thirty days of the date of judgment. Petitioner's motion for an extension of time will be construed by the court as a motion for an extension of time to file a notice of appeal.  Petitioner has demonstrated good cause to warrant granting the motion for an extension of time and petitioner shall be granted thirty days from the

---

[1] These filing dates with respect to petitioner's documents submitted to this court are based on the prisoner mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

date of this order to file a notice of appeal from the March 6, 2012 order.

### B. Motion for Reconsideration

Petitioner's motion for reconsideration seeks to challenge the court's March 6, 2012 order which dismissed his federal habeas petition on the ground that he failed to raise a cognizable due process claim with respect to his 2009 parole denial. Additionally, petitioner's motion for reconsideration raises additional habeas claims not presented in his original habeas petition filed with this court. In this regard, in his motion for reconsideration petitioner raises equal protection and cruel and unusual punishment arguments with respect to Board's 2009 decision to deny him parole. Furthermore, in that motion petitioner asserts that the Board's utilization of Marsy's Law to defer his next parole hearing for five years constitutes an ex post facto violation. (See Dkt. No. 12 at p. 10-11.)

Petitioner's motion for reconsideration constitutes a successive habeas petition which may not proceed in this court absent permission from the United States Court of Appeal for the Ninth Circuit. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (holding that a Rule 60(b) motion is, in substance, a successive habeas petition where it seeks leave to present a new claim that was omitted from the original petition as a result of "excusable neglect" pursuant to FED. R. CIV. P. 60(b)). The Supreme Court has explained that:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.

Gonzalez, 545 U.S. at 531. Because petitioner's motion for reconsideration seeks to add new claims to his previous federal habeas petition, the motion for reconsideration should be treated as a successive § 2254 petition. See id. at 532, 538; see also Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998) ("In most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), as it does in this case, the Rule 60(b) motion should be treated as a successive habeas petition.").

3

As previously stated, in this action petitioner previously filed an application for a writ of habeas corpus attacking the Board's 2009 denial of parole. That petition was denied on the merits when it was determined that petitioner failed to state a cognizable claim with respect to his due process arguments. Before petitioner can proceed on new and additional claims that equal protection, cruel and unusual punishment and ex post facto violations occurred in connection with the Board's 2009 denial of parole, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3); see also Gonzalez, 545 U.S. at 530.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time to respond to the March 6, 2012 order dismissing this case (Dkt. No. 11.) is construed as a motion for an extension of time to file a notice of appeal and is granted;

2. Petitioner shall have thirty days from the date of this order to file his notice of appeal to the March 6, 2012 order; and

3. Petitioner's motion for reconsideration (Dkt. No. 12.), construed as a successive habeas petition, is dismissed without prejudice to its refiling after obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

DATED: October 11, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
arre1974.850